```
                              IN THE UNITED STATES
                              DISTRICT COURTS FOR THE
                              SOUTHERN DISTRICT OF FLORIDA,
                              DIVISION OF FORT LAUDERDALE.
```

WILLIAM H. COYLE            )

    Plaintiff

        v

DONNA SHALALA, Secretary.  )

DEPARTMENT OF HEALTH AND HUMAN )
SERVICE. UNITED STATES GOVERNMENT)

    Defendant.                        )

**00-6014 CIV-SEITZ**

MAGISTRATE JUDGE
GARBER

COMPLAINT.                        1.                cause 28- 1362
                                                    42- 1983
                                                    Title 5 APA

Comes Now the Plaintiff, William H. Coyle, and hereby sues the Defendant, Donna Shalala, Secretary of the health and Human Services, and its Agents, Employees and Contractors of services, and on these grounds therefore alleges:

2.

This action arises under the Due Process of the 5th Amendment of the Constitution of the United States, under the provisions of Title 42 1983, under Title 28 1361 and Title 5. 551, 554 and 701 of the Administrative Procedure Act.



3.

STATEMENT OF FACTS.

The Plaintiff filed with the Florida Agency for Health Care Administration a Complaint in June, 1995 against the Health Care Provider, Broward General Medical Center.

4.

The Quality Assurance Unit, for Florida Agency for Health Care, conducted a initial investigation for the State of Florida and under Federal contract for the PROs review, initiates, conducts and reviews investigation under the C.O.B.R.A. law for the Health Care Finance Administration, H.C.F.A., under the Department of Health and Human Service. The Defendant is a appointment for this federal Department and its Chief Officer.

5.

The Plaintiff was sent correspondence in documents bearing a federal designation, that the H.C.F.A had been informed and that a copy of the complaint from the Complainant had been received.

6.

The Plaintiff was also sent acknowledgement for the Florida State Agency - Unit of Quality Assurance, that the complaint had been files with its agency and that H.C.F.A. had been informed and that a copy of the complaint had been sent to the Federal Agency

7.

The Plaintiff had never received any correspondence from either Agency of the complaint filed against the Health provider being resolved. This as of the dates July, 1998.

8.

Upon the Plaintiff own efforts to collect papers and record from each the state and federal agencies, the acquired the knowledge that no action was taken by either agency.

9.

The Plaintiff inquired through correspondence with each agency why not action where taken by either respective agency.

10.

The responses from each agency was no further action was warranted under the Federal Code Title 42 489.24 or 489.20.

11.

The Plaintiff sent to each agency notes and record that show contradictions of the reports from each agency, contradiction to F.C. 42 489.24 and 489.20, and that incident in complaint filed was clearly relevant to that of the Emergency Treatment and Labor Act, that of analogously to F.C. 489.24 and 489.20 .

12.

The notes and record submitted to each agency as noted in par.11 clearly contradict the submitted reports by each Agency.

13.

The Plaintiff requested that each, the H.C.F.A. and the Florida Agency review and reevaluate their findings.

14.

Upon the collection of other records and reports by the Plaintiff, the following is submitted:

1. The Plaintiff finds not a copy of the initial correspondence from the H.C.F.A in the H.C.F.A. files. ( Not other than copies made from the original in the Plaintiffs file)

2. Documents show that H.C.F.A. was not informed until after a

time of investigation conducted by the state agency.

3. The questioned Document, acknowledgement letter contains information that the H.C.F.A is refusing to authenticate and information in the document is untruthful and does not meet the specifics of an initial correspondence to be sent to a Complainant.

4. The initial correspondence from the State Agency also contains untruths and is also therefore fraudulent.

5. The Plaintiff to this cause, sent documents and papers to each respective agency which show on the face of the papers that of the possibility of criminal intent under state law within responsibility of the hospital, of which a complaint was file with the state agency by the Plaintiff.

6. Each Agency submitted arbitrarily and capriciously submitted reports clearly outside that which a reasonable person may conclude and contradicts that of federal law and code or that of common sense.

7. Though H.C.F.A. did not collect or was sent copies of the Complainants letter, and records, the federal agency conducted its overview of the PROs review in a bias manner and without particularity to the evidence, which papers, document or reports are not found or listed in the H.C.F.A.s files.

15.

Each, The H.C.F.A and the Florida state agency conducted their respective investigations and overview outside the margins and provisions of the COBRA laws , the PROs provisions and federal code.

16.

Congressional intent is clear is committees notes in regards to the COBRA law and the PROs provisions and analoged to that of the federal code in re of denials of medical care and that of initiating investigation on complaints of medical care.

17.

By the H.C.F.A refusal to reevaluate the complaint as filed with the state agency, the Department of Health and Human Services, Madam Secretary, would be condoning that of unlaw acts in which the Defendant has responsibility and duty to correct.

18.

The Plaintiff has a right to be treated equally under the laws and statues and under the Constitution of the United States.

19.

Neither the O.I.G. of the Office and Division for Civil Rights was notified of the complaint. This is out side the provision of the COBRA law.

20.

By denial of Due Process found under the 5th Amendment of the Constitution and refusal to conduct a thorough investigation and oversight by the H.C.F.A. the conduct and filed report has cause a prejudice against the Plaintiff in bringing complaint against the Hospital in question of the filed complaint with the Agencies.

21.

Furthermore, by the H.C.F.A. not carrying out the full intent of the PROS review, which H.C.F.A. has overview of, the Plaintiff has not been assured that he has a right to access to medical

care and that his person to be not discriminated and that he will be treated equally with in his rights.

22.

The Defendant has a duty to insure that provisions of the law are carry out, this being not discretionary within the responsibilities of the H.C.F.A..

23.

The Plaintiff therefore incorporates the facts and allegations in paragraph 1 through 22. and herewith saids the Defendant actions being contrary to the laws and code incorporated in said paragraphs and being in violation of Due Process under the 5th Amendment and in violation of under title 42 1983 and in violation of duty and responsibilities under Title 5. 551, 554 and 701, and hereby cites against the Defendant;

Count 1.

VIOLATION OF CIVIL RIGHTS under TITLE 42 1983, and / or
VIOLATION OF DUE PROCESS under the 5th AMENDMENT OF THE UNITED STATES CONSTITUTION and / or
VIOLATION OF TITLE 5 Section 551 , 554 and 701.

24.

By the Defendant willfully and knowing submitting and accepting report within the Federal Agency of the H.C.F.A., and knowing that reports are clearly contradictive of the recorded facts and evidences. and where its has been ascertain that reports and papers contain untruths and where reports have been submitted outside the provision of the federal law and code,...

the Defendant has willfully acted in a manner that exhibits disregard of Administrative policies, rule federal law and code. and knowing or should have know that such papers, reports and documents has lead or could have lead to bias decision making and issuance or reports within the agency, has discriminated and denied that of Due Process to the Plaintiff and has cause and great prejudice against the Plaintiff in his regards to his access to medical care and that of his rights under Title 42 !395dd.

As a direct result and proximate result of the alleged acts of the Defendant,
The Plaintiff thereby prays that this Court assumes Jurisdiction over this matter and grants relief as follows;

1. The Court review all evidence, paper, reports and allegation against the Defendant.
2. The Court enter opinion in regards to allegation and papers reports and the administrative acts of the Defendants.
3. The Court takes action and enter order under Title 28 1361 against the Defendant - founded upon the opinion of the Court.
4. The Court enter judgement against the Defendant in Count 1.
5. The Court enter any final opinion, orders and any said disposition of the complaint before the Court.

THE PLAINTIFF PRAYS FOR NO OTHER RELIEF.

This claim is filed in good faith and file with the clerks of the court for the Southern District of Florida, division of Fort Lauderdale.

sign this day of 5th january 2000

William H Coyle

711 s.e. 2nd ave.

Fort Lauderdale, Florida 33316

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6014-CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  William H Coyle

**DEFENDANTS**  Donna Shalala, Secretary, Department of Health & Human Services, U.S. Gov.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

# North-6014 Seitz/Graber

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se

ATTORNEYS (IF KNOWN)
Magistrate Judge Garber

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28-1362
42-1983

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   DEMAND $ none   CHECK YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____