IN THE UNITED STATES DISTRICT
COURTS FOR THE SOUTHERN
DISTRICT OF FLORIDA

<u>WILLIAM H. COYLE        </u> )

    Plaintiff

      V

<u>SECRETARY, DONNA SHALALA </u>, )
Department of Health and
Human Services. United States

    Defendant

<u>                        </u>//

case NO. 00-6014 CIV

SEITZ/GARBER



FILED by _____ D.C.
DKTG

MAR 1 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT,
S.D. OF FLA · MIAMI

REC'D by _____ D.C.
INTAKE

MAR 1 3 2000

CLARENCE MADDOX
CLERK U S DIST CT.
S.D. OF FLA. MIAMI

Complaint **AMENDED**

Comes Now the Plaintiff, William H. Coyle, and gives this
Amended Complaint and hereby sues the Defendant
Donna Shalala, for the Department of Health and Human Services
and its Agents, Employees, and Contractors of services, and on
these grounds therefore alleges:
This action arises under the 5th Amendment of the Constitution
for the United States, under USC 42 1983, USC 42 2000, Title 5
701 of the Administrative Procedure Act.

Jurisdiction of this Court invoked under USC Title 28 1331 and/
or USC 28 1343.

#10
HN

3.

## STATEMENT OF FACTS.

The Plaintiff filed with the Florida Agency for Health Care
Administration a complaint in June 1995; this was against the
health care provider, Broward General Hospital, Broward county.

4.

The Quality Assurance Unit for the Florida agency conducted a
initial investigation for the State of Florida and under
federal contract for the department of Health Care Finance
Administration. H.C.F.A. authorizes and reviews investigations
under the federal COBRA law under the Department of Health and
Human Services. The named Defendant, Secretary Donna Shalala is
a Executive appointment to the department and its Chief
Officer.

5.

The Plaintiff was sent correspondence in document bearing
federal designation that HCFA had been informed and notified by
a copy of the complainants filed complaint through the states
agency.

6.

The Plaintiff was also sent acknowledgement from the Florida
state agency - Unit of Quality Assurance, that the complaint
was filed with the agency and HCFA was notified and sent copy
of the complaint.

7.

The Plaintiff received no correspondence from either agency of
the complaint being resolved with the Health provider; this as
of the date July  1998.

8.

Upon the Plaintiffs own efforts to collect papers and record from each the state and federal agencies; the Plaintiff acquired the knowledge that no action was taken by either agency.

9.

The Plaintiff inquired by correspondence with each agency why action was not taken by either agency.

10.

The Agencies response was that no further action was warranted under the FCR 42 489.24 or 489.20 and any investigation was ended.

11.

The Plaintiff sent to each agency notes and records that show contradictions in the reports by each agency, contradictions in reports in relation to the records and facts, of which facts show that the complaint was clearly relevant to a violation of the Emergency Medical Treatment and Labor Act.; title 42 1395dd

12.

Notes and records established with each agency show from the face of the records that information of complaint was omitted by states review and that reports filed by the HCFA/ Defendant are contradictive upon reports own terms and submitting of the reports where subversive to the recorded facts and done outside the provisions of the COBRA law.

13.

The Plaintiff requested each agency to review and re-evaluated their findings. Agencies informed no other review would be done.

14.

Upon the collection of other records and reports by the
Plaintiff, the following information is submitted;

1. The Plaintiff finds not a copy of the initial supposition
correspondence from the HCFA listed files;( not other than
copies given to each agency from PLaintiffs own file.

2. Of the above noticed correspondence - acknowledgement letter
from HCFA, HCFA is refusing to authenticated and answer
inquiries  about letter, further documents information is
untruthful and does not meet the specifics  of a initial notice
to be sent to a complainant.

3. The initial correspondence from States agency contains
untruths about agencies supposition of noticing HCFA and
information sent to HCFA.

4.Documents show that HCFA took no action and was informed by
requirement after the state concluded its investigation for
cause of efforts by the complainant.

5. The Plaintiff sent documents and records to the agency of
which papers show that of criminal intent and action found
under state law that was the responsibility of  hospital in the
complaint with the agency.

6. Each the state agency and Defendant arbitrarily and
capriciously submitted reports in clear contradiction of the
recorded facts which reports fails to notice the un-compliance
of the hospital actions in regards to USC 42 1395dd and FCR
489.24 and 489.20, by which the Defendant is responsible to
investigated and resolve.

7. Though the HCFA/Defendant did not collect or was given copies of the complainants letter, the HCFA conducted its overview of the initial PROS survey is a bias manner without regards to articulateness to the evidence, papers, reports or documents which none are found or listed in the Defendant/ HCFA files.

15.

The Office for the Inspecting General nor was the Office of Civil Rights was notified of the complaint filed with the Defendant/Agency. This being outside the provisions of the COBRA law,provisions and requirement for review or investigating by the above offices.

16.

HCFA and the Florida agency thereof under HCFA/Defendant, conducted their respective investigation and overview outside the margins and provisions of the COBRA law, PROs provisions and Federal Regulation Code.

17.

By refusal to re-evaluate the complaint and to investigate the complaint by the facts, the Defendant/Department of Health and Human Services would be condoning that of unlawful acts in which the Defendant has a duty by congressional law by the COBRA law provisions to investigated the complaint filed with the Defendant.

18.

By the Defendant willfully and knowing submitting and accepting reports within the federal agency of the HCFA, and by knowing

that reports are clearly contradictive to the recorded facts
and evidence where it has been ascertain that reports  and
papers contain untruths and said reports submitted outside the
provisions of the federal law and code and by knowing or should
have known that such papers, documents, reports or records has
led  or could have led  to bias decision making and issuance of
un-creditable reports thereby denying that of due process being
of the responsibility of the Defendant to review and correct,
the Defendant has cause a willful and wrongful prejudice by and
against the Plaintiff to that of his filed complaint with the ·
Defendant/Agency and to that of the Plaintiffs protected civil
rights in and by USC Title 42 1395dd and to that of FCR Title
42 489.24 and 489.20 to which the Defendant had a lawful duty
to investigate the Plaintiffs complaint thereunder.


19

By the HCFA not willing to carry out the congressional intent
of the PROs provisions found under the COBRA law title 42
1395dd and the FCR title 42 489.24 and 489.20 for the
investigational review of such denial of medical care under 42
1395dd, the Defendant has denied that of due process found
under the 5th Amendment of the Constitution inby the Defendants
denial of administrative acts under Title 5. 551 and 554 and
thereby has denied equal treatment found under USC 42 1983 to
the Plaintiff by law and administrative rule.

20

Furthermore by the omitting of statements in the Plaintiff

complaint to the Defendant /agency of the civil rights
deprivation/ class base discrimination in the denial of medical
care under a program of the Defendant responsibility, the
Defendant has let a continuation of such civil rights abuse
against the Plaintiff of which has continued to the present
date of this paper. The Defendant has therefore cause and is
continuing to cause by not investigation the filed complaint in
violation of civil rights of the Plaintiff in a federal
protected activity and federal program as found under USC title
42 2000a.

21.

The Plaintiff therefore incorporates the facts and allegations
in paragraphs 1 thru 20 and herewith saids the Defendant
actions being contrary to the laws and code incorpr=orated in
said paragraphs in violation of equal treatment under the laws
of the United States, due process under the color of law and in
violation under the federal Administrative Procedure Act, and
hereby cites against the Defendant:

COUNT 1.

VIOLATION OF CIVIL RIGHTS UNDER USC TITLE 42 1983 BY VIOLATION
OF DUE PROCESS UNDER THE 5th AMENDMENT OF THE CONSTITUTION AND/
INBY VIOLATION OF TITLE 5 551 and 554 OF THE ADMINISTRATIVE
PROCEDURE ACT, AND VIOLATION OF USC TITLE 2000a

22.

As a direct result and proximate result of the alleged acts of

the Defendant, the civil rights of the Plaintiff have been
violated and are continually being violated because of the
unlawful and indiscretional acts of the Defendant and thereby
prays that this Court  assumes jurisdiction and grants relief
and <u>Demands judgment for the following</u>;

1. The Courts reviews all allegations, papers, reports and
   administrative acts of the Defendant under Title 5 701 of
   the Administrative Procedure Act.

2. The Court enters judgement in Count 1 against the
   Defendant for violation of the Plaintiffs civil rights.

3. The Court takes action under Title 28 1361 and enters
   Order by Writ of Mandamus for the Defendant to review
   and investigate complaint filed with Defendant under the
   rules and law - USC 42 1395dd, FCR 489.24 and 489.20

4. The Court enter any final opinion, order or disposition
   of the complaint before the court.

This claim is filed in good faith and filed with the clerk of
federal court for the Southern District of Florida, Miami.

filed this day 9th of March 2000

William H. Coyle
711 s.e. 2nd ave.
Fort Lauderdale, Florida
                      33316