```
                                    IN THE UNITED STATES
                                    DISTRICT COURTS FOR THE
                                    SOUTHERN DISTRICT OF FLORIDA,
                                    DIVISION OF FORT LAUDERDALE.
```

WILLIAM H. COYLE       )

   Plaintiff

   v

SECRETARY. DONNA SHALALA )

DEPARTMENT OF HEALTH AND HUMAN /
SERVICES, UNITED STATES GOVERNMENT/

   Defendant

00-6014 CIV
Seitz
Garber



COMPLAINT **AMENDED**

Comes now the Plaintiff, William H, Coyle, and gives this Amended complaint and hereby sues the Defendant, Secretary Donna Shalala, of the Department of Health and Human Services, its Agents, Employees and Contractor of services, and on these grounds therefore alleges:

2.
This action arises under the 5th Amendment of the Constitution and under statue Title 42 1983 and Title 28 1316 and the provisions of Title 5.551 , 554 and 701 of the Administrative Procedure Act, and Title 42 2000a, 2000a(d), and 2000a 2. Jurisdiction of this court invoke by 28 1331, 1343 .



#14
#A

3.

STATEMENT OF FACTS.

The Plaintiff filed with the Florida Agency for Health Care Administration a complaint in June, 1995; this was against the health care provider, Broward General Medical Center.

4.

The Quality Assurance Unit for the Florida agency conducted a initial investigation for the State of Florida and under federal contract and thereby initiates, conducts and reviews investigations under the Federal COBRA law for the Health Care Finance Administration , HCFA, under the Department of Health and Human Services. The named Defendant is a appointment to this federal department and its Chief Officer.

5.

The Plaintiff was sent correspondence in document bearing federal designation that HCFA had been notified and informed with copy of compliant from the Complainant.

6.

The Plaintiff was also sent acknowledgement from the Florida state agency -unit of Quality Assurance, that the complaint had been filed with its agency and that HCFA was sent copy of complaint and notified.

7.

The Plaintiff received no correspondence from either agency of the complaint being resolved with the Health provider; this as of the month July, 1998.

8.

Upon the Plaintiff own efforts to collect papers and record from each the state and federal agencies; the acquired knowledge that no action was taken by either agency

9.

The Plaintiff inquired in correspondence with each agency why actin was not taken by either agency.

10.

The Agencies response was that no further action was warranted under the FCR title 42 489.24 or 489.20 and any investigation was ended.

11.

The Plaintiff sent to each agency notes and records that show contradictions in the reports by each agency, contradiction in reports in relation to the recorded records and facts; of which facts show that complaint was clearly relevant to violation of the Emergency Medical Treatment and Labor Act. <u>42 1395dd</u>

12.

Notes and records established with each agency show from the face of the records that information of complaint was omitted by states review and that reports filed by HCFA are contradictive upon reports own terms and submitting of reports subversive to the recorded facts and done outside the provisions of the COBRA statue law.

13.

The Plaintiff requested each agency to review and evaluate their findings. Agencies informed no other review to be done.

14.

Upon the collection of other records and reports by the Plaintiff, the following is submitted:

1. The Plaintiff finds not a copy of the initial correspondence from HCFA in the HCFA listed file; ( not other than copies from the Plaintiffs own file.)

2. Of the noticed correspondence, acknowledge letter from the HCFA, HCFA is refusing to authenticate and answer inquires about letter; furthermore, documents information seems to be untruthful and does not meet the specifics of and initial correspondence to be sent and given to a Complainant.

3. The initial correspondence from States agency also contains untruths and therefore fraudulent.

4. Documents show the HCFA took no action and was inform of the complaint after state concluded its investigation.

5. The Plaintiff to this cause sent documents and records to respective agency of the papers which show on the face of the records that of criminal intent and action found under Florida state law of which was the responsibility if of the hospital in the complaint with the agencies.

6. Each Agency arbitrarily and capriciously submitted reports in clear contradiction of the recorded facts which reports fails to notice to un-compliance of the hospital actions in regards to the statue law 42 1395dd in re; title 42 489.24 and 489.20.

7. Thought the HCFA did not collect or was given copies of the complainants letter, the HCFA conducted its overview of the PROs survey and review in a bias manner, without regards to

articularity to the evidence, which papers, documents or reports are not found or listed in the HCFA files.

15.

Each the HCFA and the Florida agency conducted their respective investigation and overview out side the margins ad provisions of the COBRA law, the PROs provisions and Federal Code.

16.

By the HCFA. refusal to revaluate the complaint as filed with each agency, the Department of Health and Human Services would be condoning that of unlawful act in which the Defendant has a duty to correct and that the Complainant is treated equally under the law of the United States.

17.

The Office for Inspecting General nor was the Office for Civil Rights was notified of the complaint to the agencies; this out side of the COBRA provisions.

18.

By denial of Due Process found under the 5th Amendment of the Constitution -in by the Defendant not to conduct a thorough investigation and oversight by HCFA , the conduct and filed reports had cause a prejudice against the Plaintiff in bringing complaint against the Hospital by the alleged complaints

19.

Furthermore, by the HCFA not willing to carry out the intent of the PROs provision and COBRA law, the Plaintiff has not been assured that he has a right of access to medical care

and that his person to be not discriminated from and that he will be treated equally within his civil rights.

20.

The Plaintiff therefore incorporates the facts and allegations in paragraph 1 through 22. and herewith saids the Defendant actions being contrary to the laws and code incorporated in said paragraphs and being in violation of Due Process found under the 5th Amendment in violation under Title 42. 1983 and in violation of duty and responsibilities under Title 5. 551, 554 and 701 and hereby cites against the Defendant;

COUNT 1.

VIOLATION OF CIVIL RIGHTS under TITLE 42 1983 and VIOLATION OF DUE PROCESS under the 5th AMENDMENT OF THE UNITED STATES CONSTITUTION and VIOLATION OF TITLE 5 section 551, 554 and 701.

21.
BY the Defendant willfully and knowing submitting and accepting report within the federal agency of the HCFA, and knowing that reports are clearly contradictive to the recorded facts and evidence where it has been ascertain that reports and papers contain untruths and said reports have been submitted outside the provision of the federal code and law, the Defendant has willfully acted in a manner that exhibits disregard of the Administrative policies, rules and code and by knowing or should have known that such papers, documents, reports or records has lead or could have lead to the bias decision making and issuance of un-creditable reports and denying of due process , the Defendant has cause a wrongful prejudice by and against the Plaintiff to that of his complaint with the agency, his assurance of his rights allowed and protected by the Defendant in regards to the Plaintiffs rights under Title 42 1395dd.

The Plaintiff also further cites against the Defendant;

## COUNT 2.

VIOLATION OF CIVIL RIGHTS under TITLE 42 2000a in and by its provision of access to and equal treatment of Federal protected activities, agencies and programs.

As a direct result and proximate result of the alleged acts of the Defendant, the civil rights of the Plaintiff have been violated and are being continually violated because of the unlawful and indiscretional acts of the Defendant.
The Plaintiff thereby prays that this Court assumes jurisdiction over this matter and grants relief and follows:

1. The Court reviews all allegations, papers, reports from the Plaintiff.
2. The Court enters judgement against the Defendant in Count 1 and 2.
3. The Court takes actions under Title 28 1361 and enters Order for the Defendant to take action under the HCFA agency to reveiw and conduct investigation for submitted agency complaint as the Court finds by its opinion and statue law.
4. The Court enter any final opinion, orders and any said disposition of this complaint before the Court.

5. The Court to dismiss any costs or fees against the Plaintiff found under Title 42 2000a3 for the Plaintiffs case.

THE PLAINTIFF PRAYS FOR NO OTHER RELIEF.

This claim is filed in good faith and file with the clerks of the court for the Southern District of Florida, division of

sign this 22 day of February 2000.

_____
WILLIAM H. COYLE
711 s.e. 2nd ave.
Fort Lauderdale, Florida 33316