CSW

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6014-CIV SEITZ/Garber

WILLIAM H. COYLE,

        Plaintiff,

vs.

SECRETARY, DONNA SHALALA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, and UNITED STATES,

        Defendants.
_____/

## ANSWER

COMES NOW the defendant, Donna Shalala, Secretary of Health and Human Services, by and through her counsel, Guy A. Lewis, United States Attorney for the Southern District of Florida, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, responds to plaintiff's complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction of Plaintiff's suit. All Counts of the Complaint arise under the Medicare Act. 42 U.S.C. §405(g), as incorporated into the Medicare Act by 42 U.S.C. §1395ii and §1395cc(h)(1), precludes subject matter jurisdiction of the action by an individual challenging the Secretary's decision whether a provider is in compliance with Medicare participation requirements. Further, the Administrative Procedure Act (APA) does not provide an independent basis for subject matter jurisdiction. APA.

## SECOND DEFENSE

Plaintiff has no standing to bring this cause of action. Plaintiff has not alleged any set of facts which demonstrate that he has a stake in the outcome of any determination by the defendant arising out of the facts of this case which is legally protected. The only remedy which an individual has under EMTALA is the right to bring a civil action against the hospital.

## THIRD DEFENSE

Plaintiff's suit is time barred. The statute of limitations has run on any cause of action which arose out of his initial COBRA complaint. The EMTALA specifically states that "no **action** may be brought under this paragraph more than **two** years after the date of the [alleged] violation. 42 U.S.C. § 1395dd(d)(2)(C). The events giving rise to plaintiff's actions occurred on October 1, 1994, when he presented to the hospital emergency department. Any action arising out of this matter should have been brought by October 1, 1996.

## FOURTH DEFENSE

Plaintiff fails to state a claim for which relief can be granted. There is no relief for which plaintiff is entitled even if he can overcome other procedural and substantive challenges to his suit. The plaintiff seeks a writ of mandamus ordering the defendant to "review and investigate complaint filed." The writ of mandamus codified at 28 U.S.C. § 1361 provides a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes plaintiff a clear nondiscretionary duty. Plaintiff has alleged no set of facts which establish these criteria..

## FIFTH DEFENSE

Responding specifically to the allegations (statement of facts) of plaintiff's amended complaint, as follows:

1. Defendant denies the jurisdictional basis of this lawsuit as noted above and avers

that plaintiff has not alleged any facts which establish a civil rights violation.

2.  Defendant admits the allegations in paragraph 3.

3.  Defendant admits the allegations in paragraph 4.

4.  Defendant has insufficient knowledge to admit or deny what correspondence plaintiff refers to in paragraph 5. However, the defendant admits that it did on several occasions correspond with plaintiff relative to the investigation of his COBRA complaint.

5.  Defendant admits the allegations of paragraph 6.

6.  Defendant denies the allegations of paragraph 7, noting that at least two letters dated January 6, 1996 and May 30, 1996 were sent to plaintiff informing him of the results of the investigation.

7.  Defendant has insufficient knowledge to admit or deny what efforts were undertaken by plaintiff. However, the defendant denies the allegations of paragraph 8, that no action was taken by the agency.

8.  Defendant admits, for paragraph 9, only that plaintiff wrote letters to defendant agency officials concerning the investigation but generally denies that the defendant was queried about why action was not taken. Defendant has no knowledge as to whether plaintiff corresponded with other agencies and what such correspondence contained.

9.  Defendant admits the allegations of paragraph 10.

10. Defendant admits that plaintiff sent correspondence to the defendant agency as alleged in paragraph 11, but denies that there were contradictions in the record or that the facts show a violation of the Emergency Medical Treatment and Active Labor Act (EMTALA). Defendant has no knowledge as to what correspondence plaintiff sent to other agencies or its

contents, thus can neither admit or deny the remaining allegations.

11.  Defendant denies the allegations of paragraph 12 and avers that the investigations of possible violation of EMTALA was done in accordance with the applicable federal statute, implementing regulations and internal policy.

12.  Defendant admits the allegations of paragraph 13 that plaintiff requested defendant to review and re-evaluate its finding in May and June of 1999 and that defendant's review was completed in August 1999. Defendant denies that the agency informed plaintiff that no other review would be done. Defendant has no knowledge of whether plaintiff contacted another agency and requested a review and re-evaluation and thus can neither admit or deny this allegation.

13.  Defendant responds to the multiple allegations of paragraph 14 as follows:

a.  Defendant has no knowledge of what records plaintiff found from the HCFA files, thus defendant generally denies the allegation in paragraph 14(1).

b.  Defendant is unable to understand the allegations set forth in paragraph 14(2), however, defendant denies that any action that it took relevant to this matter was untruthful or not in accordance with all requirements of the EMTALA statute, EMTALA regulations and departmental policy.

c.  Defendant has insufficient knowledge of the contents of correspondence which might have been sent to plaintiff by another entity, thus, defendant generally denies the allegations in paragraph 14(3).

d.  Defendant denies the allegations in paragraph 14(4). Agency correspondence shows that HCFA performed its required duties.

4

  e. To the extent that plaintiff is referring to defendant agency in paragraph 14(5), defendant denies that it ever received from plaintiff any documents showing "criminal intent" and "action found under state law that was the responsibility of the hospital."

  f. Defendant denies each and every allegation in paragraph 14 (6). All conclusions, reports and decisions which were made by the defendant were done in accordance with 42 U.S.C. § 1395dd, 42 C.F.R. §489.24 and any other applicable federal laws and policies.

  g. Defendant denies each and every allegation in paragraph 14(7) and asserts that it carried out its responsibilities under EMTALA in accordance with the law.

14. Defendant admits that neither the "Office of the Inspecting (sic) General nor the Office of Civil Rights" was notified of the complaint. To the extent that the remaining statement in paragraph 15 requires an answer, defendant denies it.

15. Defendant denies the allegation in paragraph 16 that HCFA "conducted its investigation and overview outside the margins and provisions of the law." Defendant reasserts that it carried out its duty to investigate plaintiff's COBRA complaint in accordance with all applicable laws.

16. Defendant denies each and every allegation of paragraph 17 and asserts that it carried out its congressionally mandated duties in accordance with all applicable federal laws while investigating and determining that the medical screening that plaintiff received at the hospital emergency room was appropriate, and thus, was not a COBRA violation.

17. Defendant denies each and every allegation in paragraph 18 and asserts that its investigation of plaintiff's COBRA complaint was unbiased and was carried out in accordance with all applicable laws, including the exercise of discretion afforded defendant in the EMTALA

statute.

18. Defendant denies every allegation in paragraph 19 and specifically denies that it failed to carry out congressional intent, that it deprived plaintiff of due process or that he was denied equal treatment in the manner that it investigated the plaintiff's COBRA complaint. Defendant also specifically denies that plaintiff has any protected interest or right pursuant to EMTALA which could be violated by defendant. Further, defendant denies that the EMTALA statute and the implementing regulations requires PRO review for every COBRA complaint. 42 U.S.C.§ 1395dd(d)(3); 42 C.F.R. § 489.249(g).

19. Defendant is unable to understand the allegations in paragraph 20 and to the extent that an answer must be made, the defendant denies each and every allegation, particularly the allegation that an investigation of his COBRA complaint was not performed.

20. Defendant denies each and every allegation of paragraph 21 and its application to claims that defendant's actions "violated equal treatment under the laws of the United States, due process under color of law and in violation under the federal Administrative Procedure Act." Defendant asserts that all of its actions were lawful and in accordance with federal law.

### SIXTH DEFENSE

Responding specifically to the allegations of plaintiff's complaint, COUNT I, defendant states the following:

21. COUNT 1: Defendant denies that any actions in which the defendant engaged violated plaintiff's "civil rights, the due process clause of the 5th Amendment or title 5 551 and 554 of the Administrative Procedure Act." Defendant incorporates its previous answers to paragraphs 1-20 herein in response to Plaintiff's COUNT 1.

22. Despite the vague and general allegations in paragraph 22, defendant denies that it violated plaintiff's civil rights or that it continues to violate plaintiff's civil rights by its "unlawful and indiscretional (sic) acts."

The remainder of plaintiff's complaint is a prayer for relief to which no response is required; however, to the extent that any response is required, defendant denies that plaintiff is entitled to the relief he requests or to any relief whatsoever.

Respectfully submitted,

GUY A. LEWIS
United States Attorney

Charles S. White
Assistant United States Attorney
Civil Division
99 N.E. 4th Street, Suite 322
Miami, Florida 33131

OF COUNSEL:

BRUCE GRANGER
Chief Counsel
GWENDOLYN L. JOHNSON
Assistant Regional Counsel
Department of Health and Human Services
61 Forsyth Street, S.W.
Suite 5M60
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on July 13, 2000 to William H. Coyle, Plaintiff *pro se*, 711 S.E. 2nd Avenue, Fort Lauderdale, Florida 33316.

By _____
CHARLES S. WHITE
Assistant United States Attorney