NIGHT BOX
~~RECEIVED~~
Filed
AUG 1 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.00-6014-CIV-SEITZ/GARBER

WILLIAM H.COYLE

    Plaintiff,
       V

SECRETARY DONNA SHALALA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,U.S

    Denfendant.
_____/

## PLAINTIFFS REPLY TO DEFENDANTS MOTION TO STAY DISCOVERY & ARGUMENT TO STRIKE MOTION

Defendant has filed Motion to Stay Discovery, Aug.8,2000.

1. Defendant has given in their Motion to Stay stipulation to stay discovery till Courts consideration upon Defendants July 31,2000 Motion to Dismiss; thereby precluding Plaintiffs needs or wants to collect and file papers or other items in support to Strike Defendants Motion for Dismissal.

2. To grant Defendants motion would deny Plaintiffs option and recourse to defeat motion as found by Fed.R.Civ.P.12(b)(6) and 12(c), as to disposal of motion as given by Fed.R.Civ.P.56,-thus limiting effective means to defeat Defendants motion.

Plaintiff moves to Strike Defendants Motion to Dismiss for the following causes.

4. Plaintiff did agree to initial suggestion by Defendant to stay motion, however there has been a miscommunication upon the stipulations, which the Plaintiff finds fault of each party.

5. On July 5 2000 Defendant file Motion for Enlargement of time
to file Answer.

6. In the 4th statement given by Defendant, as follows, "4. In
preparing  the answer or otherwise responsive pleading on behalf
of the United States, the undersigned counsel has conferred with
Staff Counsel with HHS in an effort to locate the records and
other information pertaining to Plaintiffs complaint and any
administrative claim filed with HHS, *on Wednesday, July 5 2000,*
undersigned counsel notified by HHS Staff Counsel that Staff
Counsel still in the process of gathering  and reviewing  files
and records of administrative proceedings regarding Plaintiff
and/or his alleged claims."

7. The 5th statement by Defendant."5. However, according to Staff
Counsel with HHS, it will take additional time to complete the
retrieval and retieve these records...

8. This Honorable Court Granted the  Motion; within the margins
of time it has proscribe.

9. Plaintiff did not move to strike the motion. The Defendant was
well aware of the particulars of complaint on March 29,2000, as
notices in their July 31 dismiss motion. Although Plaintiff did
not oppose the motion, the point the Plaintiff wishes to make is
Defendant notice the Court and Plaintiff that they had yet to
collect or hold any particulars/records of case/complaint, and of
another point, Defendant supply papers/records filed with their
Motion to Dismiss.(Letters, Jan 6,1996 & Oct 28,1999.)
Plaintiff will reiterate about letters below.

10. *On July 5, 2000*, Plaintiff contacted Defendant by phone. There was discussion by the parties about Defendants Motion for Enlargement. Included in conversation was that Plaintiff would provided defendant with papers, documents ect., for cause of defense having none.

11. Plaintiff agreed to send papers and a gave record of each record- as court rules suggest.

12. Upon the same day, *July 5, 2000*, after conclusion of telephone conversation, Defendant filed Supplemental Pleading.

13. On July 11,2000 Plaintiff sent Defendant various papers, records and documents.

14. Local rules provide that Opposing parties may exchange papers, information ect., to as to not burden the court with unneeded motions/orders for such.

15. Considering what the Defendant noticed in regards to such items/particulars,and lack thereof, Plaintiff had no expectation for Defendant to immediate reciprocate in kind on providing such material.

16. The Plaintiff in a prior telephone conference on scheduleing agreement and in conference Aug 4,2000 discussed the want for Defendant to review and admit to thereof the sent documents and papers for which have been allege to be untruthful, misleading and incorrect.

Mr.White stipulated he would review the papers.

17. It was asserted by the Plaintiff of having no need for the discovery for cause for the Defendant to make acknowledgment of papers which Plaintiff cited to which papers Defendant should

draw attention to.

18. Other papers where cited by Plaintiff  in records provided to Defendant to make acknowledgment/admission of.

19. Plaintiff conveyed and accede that discovery not needed upon the acknowledgment of the records provided to Defendant.

20. Facts can be clearly drawn from the records.

21. Upon Plaintiff receiving the Motion to Dismiss, a fair conclusion can be drawn.

    a. Defendant does not desire to share papers ect. as the Motion to stay show Defendant does possess particulars.

    b. Records given Defendant has ignore fact being of that Motion to Dismiss indicates no fault what-so-ever although facts of records indicate otherwise.

    c. The Jan 6,1996 letter provided with Motion to Dismiss is given without prudence even though Plaintiff supply Defendant with document that contradicts the correctness of the letter Furthermore Defendant failed to file any supporting documentation that the letter was served.

22. Since the Defendant choose to ignore facts even though records suggest otherwise and for failure to reciprocate with Plaintiff by given that of papers and information, the Plaintiff must ask the court to set aside the Stay Motion.

22. Furthermore such discovery would cause no great financial burden. The case is relatively narrow to that of law.

*THEREFORE* , for the reason given above and with attachments,

the Plaintiff moves this *Honorable Court* to Strike Defendants

Motion to Stay Discovery and proceed with case as the Plaintiff

may.

*RESPECTFULLY SUBMITTED*     8-16-00

WILLIAM H.COYLE, Pro se
711 se 2nd ave.
Fort Lauderdale,Florida 33316

Sign this _16_ day of August 2000

I hereby certify that a true and correct copy of the above has
been sent via U.S.Mail service this _16_ day of August 2000 to
Charles White, U.S.Attorney.
99 ne 4th st. suite 332 Miami, Florida.33132

### APPENDIX TO PLAINTIFF BRIEF TO STRIKE
### DEFENDANTS MOTION TO STAY DISCOVERY

| | |
|---|---|
| Letter to Charles White, U.S. Attorney. 4p | A 1. |
| Letter to Wm.Coyle. Jan.6,96 | A 2. |
| Letter to R.Eldrige. Jan.6,97 | A 3. |
| Doc. STEPS IN PROCESSING COBRA CASE. | A 4. |
| COBRA PROCESSING RECORD | A 5. |
| letter to Agliato Fm: Wm.Coyle  Oct.3,95 | A 6. |
| Letter to Wm.Coyle Fm: Grasser, HHS Oct.28,99 | A 7. |
| MD. Report Case 6092   Slevinski.MD.  Dec.3,95 | A 8 |
| . | |
| Emergency Room  Medical Report | A 9 |
|         ****            Oct. 1 1994 | A 10 |
| Letter to Wm.Coyle  Fm. HHS  Lyons  Aug.31,95 | A 11 |
| Original. | |
|           *****           | A 12 |
|           *****           | A 13. |
|           *****           | A 14 |
| Exhibit Letter. | A 15 |
| Letter to Wm.Coyle Fm: Lynn Agliato Sept.8,95 | A 16 |
| Listing of Records. Atlanta Agency   R.O. | A 17 |
| Listing of Records  Division of Freedom HCFA | A 18 |
| COBRA CHECKLIST | A 19 |
| State of Florida  Verbal Complaint   June 26,95 | A 20 |
| . | |

Plaintiffs information of records in support Striking Defendants Motion. (Limited to needed remedies under rule 56 - efforts there from)

Letter to Charles White - Explanation of papers.

As notice in papers to Mr.White, Plaintiff shows from the records where agency has been untruthful and failed to meet obligations of investigation.  A 1. 4p

Some of the same information provided herewith.

Not all records are given here as found in A 1

What is important in Mr,Whites Motion to Stay Discovery is where Mr.White has relinquish his records with Motion to Dismiss. Records  -Oct 28 99 and (Jan 6,96),- Both records herewith given and explain  with notice that these records are fault to Defense upon the supporting contradictory records yet Mr. White  gives theses items to the court as some sort of proffered evidence - without proof of these papers ever being received.

Papers which oppose such genuineness attached - as such explained below.

Items A2 A3. The Letter A 2 is as one mention above -letter to Wm.Coyle dated Jan 6,96. However another letter dated Jan. 6,97 and sign by same person would suggest mistake by dating of A 2.

The mistake begins to be clarified on Item A 4. Steps in Processing case. This file from the HHS in Atlanta suggests that the letters  completed the same day and then mail the same day two days later. Correction has been made in regards to, bottom line A 4.-(Letter 192 same A 2),. This same item Defendant filed with Stay Motion. But also to note from the bottom is (notation) that files not matching; (noted by two dates given.)

For what reason the hospital files contain not the COBRA investigation is of question.

For what reason Defendants own file,(HHFA Atlanta),lacks investigation file furthers any question or inquiry. SEE Item A 5.-(Notation--COBRA log: Nothing in our files.)

Each A 4 & A 5 suggest from dates given on these papers of when complaint was received (Oct.24,95.), that of which was alleged in complaint, being. that HCFA was not notified till after investigation. Which is why files where out of line.

Item A 6, letter from Wm.Coyle to Lynn Agliato, (State agent - Florida Agency for Health Care., S.A.),
Notice fax date top page, Oct 24,95. Same date as A 4,A 5.-papers of first recorded action taken by Atlanta HCFA, HHS.
Item A 7, letter Eugene Grasser, HHS, to Wm.Coyle, Oct.28,99.

This is the second item given by Defendant in their Motion to
Dismiss.
 As mention with brief to strike, Plaintiff gave papers which
contradicts this papers information and genuineness-herewith -A 8
as well as given to the Defendant. A 7 not only contradicts the
contention from Defendant that no final action was ever taken by
the Defendant,( Fourth Defense- Defendants Answer, and page 6 and
7 Memorandum - Motion to Dismiss); however noting relevance is
moot inby way Defendant makes point in their memorandum -
regarding final action.

Defendant has notice in A 7 of civil provisions which may be
taken,(As well as notice in Answer and Memorandum.) however this
was to be notice to a Complainant in a initial correspondence.
(Noted further below.)

Item A 8: As noted above, the Doctors report bare no resemblance
to supposition given in A 7. Furthermore Emergency Medical record
indicateds a diagnosed medical condition. (A 9, A10- A 10 show
added notes, this copy collected from each state and federal
agencies.)  Other particulars of this paper are  notable to case
but bares no further relevance to Plaintiff present paper.

Item A 11. Letter from HHS to Wm.Coyle, dated Aug.31,95.
This copy from Plaintiffs file as now veiwed,--being all copies
held by either agencies are made from Plaintiffs original raised
letter file.

Item A 12 - copy collected from HHS. (Note again Oct.24,95 fax
date and notation in bottom right, dated Oct.23,95.)
Notation seems to indicate States determination in regards to
information in letter from federal agency. This initial
correspondence also suggests that a copy of complainants letter
received - but such letter is not to be found in reviewed file of
HCFA,(HHS).See A 17, A 18.

Item A 13 collected from Stated Agency. S.A.
Item A 14 collected from HCFA.
One more added note, top right of this document gives distinctive
markings same as Plaintiffs original now held. Plaintiff sent
copy without additional markings,(as now held.) to S.A. with A 6
at which time official actions required by policy was then
carried forth; especially on Oct.24,95.

Item A 15. This is a sample letter to be use by HCFA. The
notification of the civil enforcement provisions is a provision
of requirement notification to be given a Complainant.

Item A 16. letter to Mr.(Cayle) Coyle, from S.A. dated Sept.8, 95
Paragraph 2 indicates again about complainants letter being sent
to HCFA - not to be found in the below file of investigation.

Item A17. This file collected from Baltimore, Division of Freedom
of Information.

Item A18. This file collected from HCFA Regional Office,(R.O.)
Atlanta.

Item A17 and A18 lacks Complainants letter of each but also lacks
form 562 Medical/Medicaid Complaint form.

Item A19. COBRA CHECKLIST. Dated 9-26-95. Being of most
importance is HCFA 562 Medicare/Medicaid Complaint form.

Not only is 562 form not found in agency files but from the best
of Plaintiffs knowledge this form was supposed to be partially
filled out by complainant,(Plaintiff). This form carries the
greatest of weight to conduct an investigation by State or review
by federal agency!

A 20  S.A is refusing to answer inquires of this paper however by
this paper to note dated June 6,95. when complaint was first
filed.
The 2 months to take the investigation also questions the matter
of money to conduct agency review.

It was the hope of the Plaintiff that an acknowledgment by the
Defendant upon receiving the above records - and others, would
dispense of time consuming motions to court. Upon reading of
Defendants Motion to Dismiss, the efforts of the Defendant shall
be contrary; never-the-less the Defendant has fail in good faith
to reciprocate Plaintiff supplying papers,ect.

Records given by Defendant indeed came from other source than
Plaintiff. The withholding of papers by Defendant and use of
others given in motion, is questionable.

Opportunity for discovery is obviously needed as records herewith
shows.
Actions of Defendant confirms the need.

I WILLIAM H.COYLE, hereby certifies that all of the records and
papers provided with brief, Motion to Strike Defendants Motion to
Stay Discovery, that such said records and papers contents are
true as such contents given by the Defendant and hereby the
undersign is sworn to this statement under the penalty of
purjury.

Sign this day of _16_ August. 2000

WILLIAM H.COYLE

NOTARY

_____

A1

July 11,2000

Charles White,

Assistant United States Attorney.

99.N.E.4th st.suite322

Maimi,Florida.

RE:

William H.Coyle

        V

Department of Health and

Human Service.

Mr.White,

Attached and listed hereto are some of the more important

articles in regards to the allegation of the complaint.

I have given note/memo on how theses papers fit into the scheme

of the complaint. The papers listed A1 thru A17 with pages

indicated.


_A1_ Letter from Melodye Hardy. Acting Director, Freedom of

Information. Dated Dec.28 1999. Listing of documents from

division of Information; collected from the Atlanta Department of

Health and Human Services. 2pg


A2 Listing of papers held by the Atlanta HHS. Each of the above

are documents in regards to the COBRA investigation.

A3 Initial acknowledgment letter from HHS Atlanta, Aug 31,1995

(Note: This letter not listed from either department. )

See A9

A·1 ii

**A4** Letter from HHS (HCFA), Jan 6,1997 from Colleen Sandman for
Dale K.Kendrick.(Supposition that no violations occurred)

**A5** Letter to W.Coyle, Jan.6 (1996?), noting no violations.
    From Atlanta HCFA,HHS.

**A6** Investigation report, Florida Agency of Health Care,
Sept. 22 1995, COBRA evaluation. Broward General Medical Center.
2pgs.(Note: Although report notes that the patient was diagnosed
with medical problem, report fails to noted where any medical
treatment was offered or given the patient.

**A7** Doctors report,dated Dec.3,1995. Signed Richard Slevinski.
This in reference to COBRA case 6092.(Note: report states that
patient was not satisfied with treatment, although report does
state that patient was diagnosed with medical problem, again as
given above, no treatment is explained or specified in the
report. Report received by Florida agency, Dec 26, 1995.

**A8** Letter from Colleen Sandman, dated Oct.28,1999. Letter in
regards to Doctors repórt--A7 above--, (Note: Ms Sandmans letter
indicates in second paragraph --supposive doctor remarks of
patient care- which is not found in the doctors report as given
above.

**A9** Second copy of HHS initial acknowledgment letter, Dated Aug 31
1995. (Note memo bottom right hand, dated Oct 23,1995.signed
Lynn Agliato.

**A10** Letter from William Coyle to Lynn Agliato, dated Oct 3, 1995.
Letter is in regards to concern that a federal investigation was
not authorized by (federal) HCFA-HHS.See A9. (NOTE Fax date on
page top Oct.24, 1995.

A-1 iii

.11 Document-Steps in Processing Cobra case. Dated Oct.24,1995.
(Noted the following)

1. The document states that the complaint first received on 10-24-95. This contrary to A9 or A3 and contrary to A13 below. Bottom notes on A11 notes that file cannot be found in hospital file.(I suggest file not found for cause of hospital to hide the investigation from an accreditation survey- JCAH,

A12 COBRA Processing Record - again noted the date complaint received on 10-24-95. This dated of course is after the investigation was completed by the state agency. A12 also indicates that COBRA log not found in (our)files,-HCFA,HHS-federal Atlanta. In bottom part of document it is indicated that information had to be obtain from SA, -State agency. This information therefore show that initial letters from each state agency, A12 and A9 are miss leading and untruthful.

A13 Letter dated Sept 8,1995. from Lynn Agliato. Letter indicates that (HCFA) in atlanta had been notified and that a federal investigation was authorized. This of course contrary to A3 and A9, but more importantly show that indeed action was not taken by the federal agency,(HHS,HCFA) until after Ms Agliato notified and fax them information on 10-24-95. See A10,A11(Complaint received date,) A12(Complaint received date.)

It is quite obvious that after Ms Agliato received the A10 letter from client that a course of action was taken to notified the federal agency of investigation, as the A10 fax date show and the complaint received dated on A11 and A12 indicates.

A-1 iv

A14 Document/ Responsibilities of Medicare Participation Hospital in Emergency cases Investigation Report.

This was in supposition done by a Mr.Claude Sherman. Though I would agree that he did fill out the top part and gave signature on the paper, the middle part of the paper is obviously done by a second or third party. (Note highlighted area.)

A15 Initial Nursing Report. Two copies are given herewith.

These copies (High lighted) obvious shows where an added note is made in the record. Although it would be fraudlulent to add to a medical record, each the state and federal agency refuses to inquire into the matter.

A16 Second copy of Nursing report with highlighted admitted writing.

@



DEPARTMENT OF HEALTH & HUMAN SERVICES ——— Health Care Financing —
Administration

Refer to:   BGMCJ7168.192

101 Marietta Street **A-2**
Suite 601
Atlanta, Georgia 30323-2711

January 6, 1996                                    *File*
                                                    *copy*

William Coyle
711 S.E. Second Avenue
Ft. Lauderdale, Fl. 33316

**Re : Provider Identification Number (10-0039 Broward General Medical Center)**

Dear Mr. Coyle:

We have received the report from the investigation that we authorized in response to your
allegation that, Broward General Medical Center, of Ft. Lauderdale, Florida violated the
emergency care obligations of 42 CFR 489.24, Responsibilities of Medicare Participating
Hospitals in Emergency cases and/or the related requirements of 42 CFR 489.20. The situation
you described was not found to be a violation of 42 CFR 489.24 or 42 CFR 489.20. Based on
your individual situation, however, you may wish to consider the civil enforcement provisions of
Section1867 of the Social Security Act on an independent basis.

Thank you for bringing this matter to our attention.

                                    Sincerely yours,

                                    Colleen Leadman

                            *per*   Dale K. Kendrick
                                    Associate Regional Administrator
                                    Division of Health Standards & Quality

rgh

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Region IV
Health Care Financing
Administration

Refer to: **BGMCJ7168.189**

101 Marietta Street
Suite 601
Atlanta, Georgia 30323-2711

**A-3**

January 6, 1997

*File copy*

Ruth Eldridge, Administrator
Broward General Medical Center
1600 S. Andrews Avenue
Ft. Lauderdale, Florida 33316

**Re: Provider Identification (10-0039 Broward General Medical Center)**

Dear Ms. Eldridge:

This office authorized the Florida State agency to conduct a complaint survey of Broward General Medical Center on September 11, 1995. The complaint concerned an alleged violation of 42 CFR 489.24, Responsibilities of Medicare Participating Hospitals in Emergency cases and/or the related provisions of 42 CFR 489.20.

I am pleased to inform you that as a result of the survey, your facility was found in compliance with the requirements regarding the emergency care obligations of Medicare facilities.

Thank you for your cooperation during the survey. If you have any questions or concerns about this matter, please contact Colleen Sandmann, RN. at (404) 331-0056.

Sincerely,

Dale K. Kendrick
Associate Regional Administrator
Division of Health Standards and Quality

cc: State Agency Title XVIII
    Complainant

rgh

00039    F. Lauderdale    Surveys
9-11-95

## STEPS IN PROCESSING COBRA CASE

A-4

| | DATE |
|---|---|
| **COMPLAINT RECEIVED** | 10-24-95 |
| **INVESTIGATION REQUESTED BY HCFA - 1541** | 9-8-95 |
| **OBTAIN RO COMPLAINT # J—** | J 7168 |
| **LETTER TO COMPLAINANT** | ✓ |
| **START COBRA FILE** | ✓ |
| **REVIEW SA INVESTIGATIVE REPORT** | ✓ |
| **MODIFY SA REPORT IF NEEDED** | N/A |
| **SUBMIT TO PRO OR LETTER 189** | 1-6-97 mail 1-8-97 |
| **REVIEW PRO REPORT - ISSUE 23 OR 90 DAY LETTERS 190 & 191** | |
| **FAX TERMINATION LETTER TO HOSPITAL & SA WITH 2567** | |
| **LETTER TO OIG FOR 284.24 VIOLATIONS AND CC'S** | |
| **LEGAL NOTICE FOR NEWSPAPER IF NEEDED** | |
| **REVIEW CREDIBLE ALLEGATION** | |
| **FOLLOW-UP SURVEY** | |
| **LETTER TO RECIND** | |
| **FOR 284.24 VIOLATION - 60 DAY PRO REVIEW** | |
| **PRO REVIEWS NOT CONFLICTING - SUBMIT TO OIG** | |
| **LETTERS 192 & 193 TO COMPLAINANT** | 1-6-97 mail 1-8-97 |

Hospital

12-18-96 Have searched files but am unable to match. Requested information from George RG.

1-3-97 Searched hospital file again No match.

# COBRA PROCESSING RECORD

**(L1)** _468_

**(L2)** FACILITY NAME: _Broward Gen Med_ PROVIDER # _100039_

**(L3)** CITY: _Ft. Lauderdale_ STATE: _Fl._

**A-5**

**(L4)** DATE COMPLAINT RECEIVED: _10-24-95_

**(L5)** SURVEY AUTHORIZED? _Y_ DATE: _9-8-95_

**(L6)** SCREENING? _X_    TREATMENT ? _____    TRANSFER? _____    OTHER (PLEASE LIST) _____

**(L7)** DATE LETTER SENT TO COMPLAINANT INFORMING OF _X_ INVESTIGATION    _____ NO INVESTIGATION: _5-30_ _COBRA Log_ _34926 inds_ _Nothing inour_ _fi..._

---
O RETURN FILE FOR DATA ENTRY O
---

**(L8)** VALIDATION SURVEY RECEIVED: _COBRA log indicate_ _34953_ _Nothing inour_ _files_

**(L8B)** DATE OF SURVEY: _9-11-95_

**(L9)** SUBSTANTIATED/UNSUBSTANTIATED (S/U): _U_

**(L10)** DATE LETTER SENT TO COMPLAINANT INFORMING OF NO VIOLATION _1-6-96_

---
O RETURN FILE FOR DATA ENTRY O
---

## IF VIOLATIONS DETERMINED

**(L11)** DATE SENT TO PRO FOR 5 DAY REVIEW: _N/A_

---
O RETURN FILE FOR DATA ENTRY O
---

**(L12)** VIOLATION FOUND? _N/A_    IF NO, ANSWER LINE 10

## TERMINATION ACTIONS

**(L13)** DATE LETTER SENT TO FACILITY CONFIRMING VIOLATION

**(L14)** RO TERMINATION DATE:    EXTENDED DATE: _____

**(L15)** DATE SENT TO PRO FOR 60 DAY REVIEW:

**(L16)** DATE SENT TO OIG:

**(L17)** DATE SENT TO SA:

---
O RETURN FILE FOR DATA ENTRY O
---

**(L18)** DATE OF FUP SURVEY: _N/A_    SUBSTANTIATED/UNSUBSTANTIATED (S/U): _N/A_

IF UNSUBSTANTIATED, ANSWER LINE 10

**(L19)** RESOLUTION

FACILITY FOUND IN COMPLIANCE, TERMINATED, RESCINDED TERMINATION OR RESURVEYED: _N/A_

**(L20)** NOTES: _all info recvd from state as no info in our files._ _Rec'd 12-27-96_

\* ALL BOLDFACE LINES MUST BE COMPLETED FOR CO REPORT

_File information obtained from SA._

J 7168

William H. Coyle
711 s.e. 2nd. ave
Fort Lauderdale FL.
33316

A-6

Lynn Agliato
Health Services Consultant
Hospital and Outpatient Services
Health Facility Regulations

Dear Ms. Agliato

    Please let me note the correct spelling of last name on letter.
Secondly your lettle dated Sept.8,95 gave notice thata Federal
Investigation was authorized by HCFA. It is to my knowledge that
HCFA was not conducting an ivestigation on my behalf at this time
I would like a more definitions of the notice of federal intent.
This is that I may again ask the HCFA to once again look into
this matter or that I should not wast any time unto this that it
may be already foreto. I would also like to give your office
a difference of signatures on hospitals and nurses reports. I find
theses are significant items of the mention and to the pertainment of
emergency room information and to what person as to pertaining these
records. I will send any question of matter within several weeks
after I finish with the perticulent information I wish to give.

If I may once again write for the corrections  of my last name

on letterhead.                                Thank you

                                          William Coyle

Oct 3  1995

**RECEIVED**

OCT 1 0 1995

HEALTH FACILITY REGULATION
HOSPITAL & OUTPATIENT SERVICES



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Region IV
Health Care Financing
Administration **A-7**

Refer to:   M:...bgmcj7168-192

Atlanta Federal Center
61 Forsyth Street Suite 4T20
Atlanta, Georgia 30303-8909

October 28, 1999

William Coyle
711 S.E. Second Avenue
Fort Lauderdale, FL 33316

.27

Dear Mr. Coyle:

We received the reports from additional reviews of the investigation that we conducted in response to your allegation that Broward General Medical Center, Fort Lauderdale, FL, violated the emergency care obligations of 42 CFR 489.24, Responsibilities of Medicare Participating Hospitals in Emergency Cases and/or the related requirements of 42 CFR 489.20. This included a review of your case by a physician reviewer from the following physician review organization: the Florida Medical Quality Assurance, Inc., Tampa, FL. The situation you described was not found to be a violation of 42 CFR 489.24 or 42 CFR 489.20.

The physician determined that you did not present with an emergency medical condition, because you had normal vital signs and an unremarkable physical examination.   When individuals are medically screened and found not to have an emergency medical condition, we do not find the hospital in violation of the emergency care obligations of 42 CFR 489.20 or 42 CFR 489.24.

As we defined in our letter to you dated July 19, 1999, you may wish to consider the civil enforcement provisions of §1867 of the Social Security Act on an independent basis.

Thank you for bringing this matter to our attention.

Sincerely,

*Colleen Sandmann*

*for* Eugene A. Grasser
Associate Regional Administrator
Division of Medicaid and State Operations

Enclosure
EAG/dcs

CASE 6092

BROWARD GENERAL MEDICAL CENTER

*A-8*

HISTORY:

ON 10/01/94 A PATIENT PRESENTED TO THE ED WITH A COMPLAINT OF CHRONIC PAIN AND REACTION TO HIS MEDICATIONS-HALDOL, XANAX AND AMYTRIPTOLINE. HE WAS NOT SATISIFIED WITH THE TREATMENT AND FILED A COMPLAINT.

DISCUSSION:

THE INVESTIGATION SHOWS THAT THIS PATIENT WAS SEEN MANY TIMES OVER THE PAST FEW YEARS FOR THIS SIMILAR COMPLAINT. HE WAS A PATIENT OF THE VA, BEING TREATED FOR DEPRESSION AND CHRONIC PAIN. THE ED EVEN CONFIRMED THAT THIS PATIENT HAD TIMELY FOLLOWUP APPOINTMENTS WITH THE VA.

IMPRESSION:

NO VIOLATION OF ACCESS TO CARE.

SIGNED,

RICHARD S. SLEVINSKI, MD, FACEP          12/03/95          30

RECEIVED

DEC 2 6 1995

HEALTH FACILITY REGULATION
HOSPITAL & OUTPATIENT SERVICES

PATIENT _____  AGE ___ SEX ___ TIME IN TREATMENT AREA ___

## INITIAL NURSING EXAMINATION

### RESPIRATORY
**EFFORT**
- [x] Normal
- [ ] Dyspnea
- [ ] Nasal Flaring
- [ ] Retractions
- [ ] Stridor
- [ ] Accessory Muscles

**L BREATH SOUNDS R**
| | |
|---|---|
| [x] | Clear |
| | Rales |
| | Rhonchi |
| | Wheezing |
| | Diminished |
| | Absent |

- [ ] C-Spine Immobilized
- [ ] B. Board
- [ ] Movement & Sensation of all extremities
- [ ] Cleared
By Whom _____

### CIRCULATORY
- [x] Adequate
**CAPILLARY REFILL**
- [ ] Normal
- [ ] Delayed

**PULSES**
- [ ] Yes  [ ] No
- [ ] Monitor
Rhythm _____

**COLOR**
- [ ] Pink      [ ] Pale
- [ ] Cyanotic  [ ] Mottled
- [ ] Jaundiced

**PUPIL SIZE**
- 2
- 3        7
- 4        8
- 5
- 6        9

### NEURO (GCS)
- [ ] N/A
**EYE OPENING**
- 4. [x] Spontaneous
- 3. [ ] To Voice
- 2. [ ] To Pain
- 1. [ ] None

**VERBAL RESPONSE**
- 5. [x] Oriented
- 4. [ ] Confused
- 3. [ ] Inappropriate words
- 2. [ ] Incomprehensible sounds
- 1. [ ] None

**MOTOR RESPONSES**
- 6. [x] Follows commands
- 5. [x] Localizes pain
- 4. [ ] Withdraws pain
- 3. [ ] Flexes to pain
- 2. [ ] Extends to pain
- 1. [ ] None

**ABBREVIATIONS**
Pupils:
B = Brisk    D = Dilated
S = Sluggish P = Pinpoint
             F = Fixed
Hand Grasp:  S = Strong
Leg Movement: W = Weak

### GI/GU/GYN
- [x] N/A
**ABDOMEN**
- [ ] Soft      [ ] Distended
- [ ] Guarding  [ ] Rigid
**TENDERNESS**
- [ ] Yes _____
- [ ] No
**BOWEL SOUNDS**
- [ ] None
- [ ] Present
**GU**
- [ ] Flank pain  L  R
- [ ] Dysuria
- [ ] Hematuria
- [ ] Frequency
**PREGNANT**
- [ ] Yes  [ ] Denies
- [ ] Vaginal bleeding
Amount _____
UPT    [ ] Neg  [ ] Pos

### SKIN/ORTHO
- [ ] N/A
- [x] Warm   [ ] Dry
- [ ] Cool   [ ] Diaphoretic
**TURGOR**
- [x] Normal  [ ] Decreased
**EDEMA**
- [ ] Absent  [ ] Present
Location _____
**MUCOUS MEMBRANE**
- [ ] Moist  [ ] Dry
**ORTHO**
- [ ] N/A       [ ] Pain
- [ ] Swelling  [ ] Deformity
- [ ] Limited movement
Location _____

Abrasion (1)   Pain (5)
Laceration (2) Redness (6)
Contusion (3)  Ecchymosis (7)
Burn (4)
Location _____

### PSYCHOSOCIAL
**AFFECT**
- [ ] Normal  [x] Flat
**BEHAVIOR**
- [x] Cooperative
- [ ] Restless
- [ ] Agitated
**AMBULATION**
- [ ] Independent
- [ ] Assist
Type _____
**SPEECH**
- [x] Normal  [ ] Abnor
**ENVIRONMENTAL**
- [ ] Lives alone
- [ ] Family/significant oth
- [ ] Minor c̄ parent
- [ ] Minor s̄ parent
- [ ] Nursing home
- [ ] ACLF
- [ ] Private home
- [x] At large _____

A-S

| TIME | BP | P | R | T | MONITOR | PULSE OX | PUPIL SIZE REACTION L R | HAND L R | LEG L R | GCS | TIME | INIT. | MEDICATION/ROUTE/DOSE/SITE | RESPONSE I=Improved W=Worse S=Some | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

## INTAKE

| TIME | AMT. SOLUTION ADDITIVE | SIZE | SITE | INSERTED BY | ABSORBED | PO | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

## OUTPUT

| TIME | TYPE/RTE | AMT | TOTAL |
|---|---|---|---|
| | | | |
| | | | |

**# IV ATTEMPTS**

**NURSES NOTES** _Pt hemated [illegible] in neck, somehow has Denies prior Cardiac Disease, HTN, DM, TB, Hepatitis, etc or Drug Abuse. At c/o [illegible] has [illegible] are [illegible] put [illegible] at answer questions [illegible] a question [illegible] is [illegible] & this [illegible] ___ of Dr Hutzer_

_8pm - T.A. called Dr Dylewski in E.D. verifies Chests out ct. appt. for Mental Health & Ortho. Chest is Mr Abdugalon. Admits to being [illegible] absent at large. Officer to escort out of E.D. 093099_

**SIGNATURES** _____

## ADMISSION/DISPOSITION
TIME: 8pm

| | | |
|---|---|---|
| Admitted | AMA | LWT |
| Room # | Transfer | |
| Voluables | | |
| Report Called | Discharge ✓ | |
| Expired | Nurse _illegible_ RN | |

ADDRESSOGRAPH
[illegible stamp]
HT 0378453        10/01/94
FIN 142435660  MDL  SEX  M
[illegible] PHYSICIAN
[illegible]

# INITIAL NURSING EXAMINATION

**RESPIRATORY EFFORT**
- [x] Normal
- [ ] Dyspnea
- [ ] Nasal Flaring
- [ ] Retractions
- [ ] Stridor
- [ ] Accessory Muscles

**BREATH SOUNDS R**
- [x] Clear
- [ ] Rales
- [ ] Rhonchi
- [ ] Wheezing
- [ ] Diminished
- [ ] Absent

- [ ] C-Spine Immobilized
- [ ] B. Board
- [ ] Movement & Sensation
- [ ] of all extremities
- [ ] Cleared
- [ ] Whom

**CIRCULATORY**
- [x] Adequate
- **CAPILLARY REFILL**
  - [ ] Normal
  - [ ] Delayed
- **PULSES**
  - [ ] Yes  [ ] No
  - [ ] Monitor
  - Rhythm _____
- **COLOR**
  - [ ] Pink  [ ] Pale
  - [ ] Cyanotic  [ ] Mottled
  - [ ] Jaundiced

**PUPIL SIZE**
- ● 2
- ● 3    ● 7
- ● 4    ● 8
- ● 5
- ● 6    ● 9

**NEURO (GCS)**
- [ ] N/A
- **EYE OPENING**
  - 4 [ ] Spontaneous
  - 3 [ ] To Voice
  - 2 [ ] To Pain
  - 1 [ ] None
- **VERBAL RESPONSE**
  - 5 [x] Oriented
  - 4 [ ] Confused
  - 3 [ ] Inappropriate words
  - 2 [ ] Incomprehensible sounds
  - 1 [ ] None
- **MOTOR RESPONSES**
  - 6 [x] Follows commands
  - 5 [ ] Localizes pain
  - 4 [ ] Withdraws pain
  - 3 [ ] Flexes to pain
  - 2 [ ] Extends to pain
  - 1 [ ] None
- **ABBREVIATIONS**
  - Pupils:
  - B = Brisk    D = Dilated
  - S = Sluggish    P = Pinpoint
  - F = Fixed
  - Hand Grasp:    S = Strong
  - Leg Movement    W = Weak

**GI/GU/GYN**
- [x] N/A
- **ABDOMEN**
  - [ ] Soft    [ ] Distended
  - [ ] Guarding    [ ] Rigid
- **TENDERNESS**
  - [ ] Yes
  - [ ] No
- **BOWEL SOUNDS**
  - [ ] None
  - [ ] Present
- **GU**
  - [ ] Flank pain   L   R
  - [ ] Dysuria
  - [ ] Hematuria
  - [ ] Frequency
- **PREGNANT**
  - [ ] Yes    [ ] Denies
  - [ ] Vaginal bleeding
  - Amount _____
- **UPT**    [ ] Neg
             [ ] Pos

**SKIN/ORTHO**
- [ ] N/A
- [ ] Warm    [ ] Dry
- [ ] Cool    [ ] Diaphoretic
- **TURGOR**
  - [ ] Normal    [ ] Decreased
- **EDEMA**
  - [ ] Absent    [ ] Present
  - Location _____
- **MUCOUS MEMBRANE**
  - [ ] Moist    [ ] Dry

**ORTHO**
- [ ] N/A
- [ ] Swelling    [ ] Pain
- [ ] Limited movement    [ ] Deformity
- Location _____

- Abrasion (1)    Pain    (5)
- Laceration (2)    Redness   (6)
- Contusion (3)    Ecchymosis (7)
- Burn    (4)
- Location _____

**PSYCHOSOCIAL AFFECT**
- [ ] Normal    [ ] Flat
- **BEHAVIOR**
  - [ ] Cooperative
  - [ ] Restless
  - [ ] Agitated
- **AMBULATION**
  - [ ] Independent
  - [ ] Assist
  - Type _____

**A-1**

**SPEECH**
- [ ] Normal    [ ] Abnorm

**ENVIRONMENTAL**
- [ ] Lives alone
- [ ] Family/significant oth
- [ ] Minor c̄ parent
- [ ] Minor s̄ parent
- [ ] Nursing home
- [ ] ACLF
- [ ] Private home
- [ ] At large

| E | BP | P | R | T | MONITOR | PULSE OX | PUPIL SIZE REACTION L R | HAND L R | LEG L R | GCS | TIME | INIT. | MEDICATION/ROUTE/DOSE/SITE | RESPONSE I=Improved W=Worse S=Some | TIME | I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

## INTAKE

| ME | AMT SOLUTION ADDITIVE | SIZE | SITE | INSERTED BY | ABSORBED | PO | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## OUTPUT

| TIME | TYPE/RTE | AMT | TOTAL |
|---|---|---|---|
| | | | |

**ATTEMPTS** _____
**NURSES NOTES** _Pt. remains here in lock, awake, oriented Denies no Cardiac disease. HIV, DM, TB, hepatitis, etc. no drug abuse — Pt C/O "mm Rom" [illegible] all teared up — Pt answers questions with hesitation + in [illegible] + flip answers. [illegible] to [illegible] — Pt PHYSICIAN DISM-VA called. Dr. Dylewski in E.D. verifies Clients out Pt. Appt. for Mental Health & Detx. Client is unstable [illegible] — Admits → being [illegible] [illegible] at large. Officers to Escort out of E.D. @ 2044_

**ADMISSION/DISPOSITION**
- TIME: _8 pm_
- [ ] tted    [ ] AMA    [ ] LWT
- _____    [ ] Transfer
- _____
- [ ] Colled    [ ] Discharge ✓
- _____    Nurse _Williams RN_

2/085 2/92

[ADDRESSOGRAPH]
XXXX WILLIAM
PN 0376363    10/01/94
FIN 14139xxxx  MDL  SEX F
DR: ER  PHYSICIAN
XX XX.XX    31  YRS

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Care Financing
Administration

August 31, 1995

Region IV
101 Marietta Tower
Atlanta GA 30323

Mr. William Coyle
711 SE 2nd Avenue
Ft. Lauderdale, FL   33316

Dear Mr. Coyle

Re: Broward General Medical Center, Ft. Lauderdale, FL

We have received your complaint concerning the above referenced
hospital.  As information to you, our office is responsible for
assuring that facilities participating in the Medicare and Medicaid
Programs comply with Federal health and safety requirements.

The hospital named in your complaint is accredited by the Joint
Commission on Accreditation of Healthcare Organizations (JCAHO).
By law, hospitals accredited by the JCAHO are deemed to meet the
Federal health and safety standards required for participation in
Medicare and Medicaid.  We may authorize investigations of
accredited hospitals if the complaint alleges deficiencies of such
severity as to place the facility in noncompliance with applicable
Program requirements.

We have reviewed your complaint and appreciate your bringing your
concerns to our attention.  However, due to budgetary constraints,
it is not possible to conduct an investigation at this time.

If you have any additional information concerning substandard
conditions, please let us know.  We would be happy to reconsider
our decision in the light of any new information you might provide.

Sincerely,

William R. Lyons
Associate Regional Administrator
Division of Health Standards & Quality

#J7275

Case 0:00-cv-06014-PAS   Document 26   Entered on FLSD Docket 08/16/2004   Page 24 of 34



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Care Financing
Administration

August 31, 1995

Region IV
101 Marietta Tower
Atlanta GA 30323

Mr. William Coyle
711 SE 2nd Avenue
Ft. Lauderdale, FL  33316

A-12

Dear Mr. Coyle

        Re: Broward General Medical Center, Ft. Lauderdale, FL

We have received your complaint concerning the above referenced
hospital.  As information to you, our office is responsible for
assuring that facilities participating in the Medicare and Medicaid
Programs comply with Federal health and safety requirements.

The hospital named in your complaint is accredited by the Joint
Commission on Accreditation of Healthcare Organizations (JCAHO).
By law, hospitals accredited by the JCAHO are deemed to meet the
Federal health and safety standards required for participation in
Medicare and Medicaid.  We may authorize investigations of
accredited hospitals if the complaint alleges deficiencies of such
severity as to place the facility in noncompliance with applicable
Program requirements.

We have reviewed your complaint and appreciate your bringing your
concerns to our attention.  However, due to budgetary constraints,
it is not possible to conduct an investigation at this time.

If you have any additional information concerning substandard
conditions, please let us know.  We would be happy to reconsider
our decision in the light of any new information you might provide.

                         Sincerely,


                         William R. Lyons
                         Associate Regional Administrator
                         Division of Health Standards & Quality

#J7275

12-18-96 '95
Not on
tracking report
7/68 is on list

Per ED on 10/23/95,
# was found & investigation
was conducted. Will
write complainant & co
re. J Agliato

TOTAL P.01

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Care Financing
Administration

August 31, 1995

Region IV
101 Marietta Tower
Atlanta GA 30323

Mr. William Coyle
711 SE 2nd Avenue
Ft. Lauderdale, FL 33316

*A·13*

Dear Mr. Coyle

Re: Broward General Medical Center, Ft. Lauderdale, FL

We have received your complaint concerning the above referenced
hospital. As information to you, our office is responsible for
assuring that facilities participating in the Medicare and Medicaid
Programs comply with Federal health and safety requirements.

The hospital named in your complaint is accredited by the Joint
Commission on Accreditation of Healthcare Organizations (JCAHO).
By law, hospitals accredited by the JCAHO are deemed to meet the
Federal health and safety standards required for participation in
Medicare and Medicaid. We may authorize investigations of
accredited hospitals if the complaint alleges deficiencies of such
severity as to place the facility in noncompliance with applicable
Program requirements.

We have reviewed your complaint and appreciate your bringing your
concerns to our attention. However, due to budgetary constraints,
it is not possible to conduct an investigation at this time.

If you have any additional information concerning substandard
conditions, please let us know. We would be happy to reconsider
our decision in the light of any new information you might provide.

Sincerely,

William R. Lyons
Associate Regional Administrator
Division of Health Standards & Quality

#J7275

*Per ED on 10/23/95,*
*# was found & investigation*
*was conducted. ED will*
*file complainant & cop*
*initiate*
*ATTACHMENT (6)*

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Care Financing
Administration

August 31, 1995

Region IV
101 Marietta Tower
Atlanta GA 30323

Mr. William Coyle
711 SE 2nd Avenue
Ft. Lauderdale, FL   33316

A-14

Dear Mr. Coyle

   Re: Broward General Medical Center, Ft. Lauderdale, FL

We have received your complaint concerning the above referenced
hospital.  As information to you, our office is responsible for
assuring that facilities participating in the Medicare and Medicaid
Programs comply with Federal health and safety requirements.

The hospital named in your complaint is accredited by the Joint
Commission on Accreditation of Healthcare Organizations (JCAHO).
By law, hospitals accredited by the JCAHO are deemed to meet the
Federal health and safety standards required for participation in
Medicare and Medicaid.  We may authorize investigations of
accredited hospitals if the complaint alleges deficiencies of such
severity as to place the facility in noncompliance with applicable
Program requirements.

We have reviewed your complaint and appreciate your bringing your
concerns to our attention.  However, due to budgetary constraints,
it is not possible to conduct an investigation at this time.

If you have any additional information concerning substandard
conditions, please let us know.  We would be happy to reconsider
our decision in the light of any new information you might provide.


                     Sincerely,



                     William R. Lyons
                     Associate Regional Administrator
                     Division of Health Standards & Quality


#J7275

Copy from
.SA

*per ED on 10/23/95 & investigation
$ was found & will
was conducted. Will
write complainant & copy
me. HAgliato*

Exhibit XX

**Model Letter Acknowledging Complaint Alleging
Noncompliance with Section 1867 of the Social Security Act
<u>Investigation Not Warranted</u>**

*A-15*

_____(Name)_____
\_\_\_\_(Address)\_\_\_\_
_____

Dear _____:

We have reviewed the information you provided concerning (hospital, city, State), and appreciate the interest you have shown in bringing this matter to our attention.  Enclosed please find a copy of section 1867 of the Social Security Act, Examination and Treatment for Emergency Medical Conditions and Women in Labor, for your information.  Our responsibility is to assure compliance of Medicare participating hospitals with the health care safety requirements of the law.

We have not authorized any further investigation of your complaint.  Our review does not find that the situation that you describe indicates any violation of the law.  Based on your individual situation, however, you may wish to consider the civil enforcement provisions of the law on an independent basis.

Thank you for taking the time to bring this matter to our attention.

Sincerely yours,

Associate Regional Administrator
Division of Health Standards and Quality

Enclosure



*A-16*

STATE OF FLORIDA
# AGENCY FOR HEALTH CARE ADMINISTRATION

September 8, 1995

William H. Cayle
711 SE 2nd. Avenue
Fort Lauderdale, Florida  33316

Dear Mr. Cayle:

This is to acknowledge receipt of your recent correspondence in which you reported an incident which may be in violation of the state and federal laws pertaining to access to emergency services and care.  The federal law regulating emergency care is found in section 1867 of the Social Security Act and the state regulatory law is contained in section 395.1041, Florida Statutes.

Based on the information you reported, a state investigation of Broward General Medical Center has been initiated.  In addition, we forwarded your letter to the Health Care Financing Administration (HCFA) in Atlanta and requested that they review the allegations to determine if there was an indication of noncompliance with the Conditions of Participation in the Medicare program.  It is the responsibility of the HCFA office to assure compliance of Medicare participating hospitals with the health care safety requirements of the federal law.  A federal investigation of this hospital was authorized by HCFA.

The HCFA agency will correspond with you directly regarding their findings into the federal violations.  We will contact you directly regarding the findings into the state violations.  The state and federal law are not exactly alike, therefore the determination of violation may not always be the same.

Thank you for bringing this matter to our attention.  If you have questions, feel free to contact me at (904) 487-2717.

Sincerely,

Lynn Agliato
Health Services Consultant
Hospital and Outpatient Services
Health Facility Regulation

LA/nr
c:\docs\Cayle

DEPARTMENT OF HEALTH & HUMAN SERVICES

Region IV
Health Care Financing
Administration

Refer to:

Atlanta Federal Center
61 Forsyth Street, SW, Suite 4T2(
Atlanta, Georgia 30303-8909

March 22, 1999

*A-17*

William Coyle
711 Southeast 2nd Avenue
Ft. Lauderdale, Florida 33316

Dear Mr. Coyle:                                          49ATL0065

Your Freedom of Information Act request dated February 20, 1999, and addressed to Gene Grasser
has been received in this office.

Enclosed are the following documents for the September 11, 1995, complaint survey of Broward
General Medical Center, Ft. Lauderdale, Florida.

1. Letter dated August 31, 1995, from the Health Care Financing Administration to Mr. William
   Coyle (2 documents);
2. Letter dated October 3, 1995, from Mr. William Coyle to Lynn Agliato;
3. Letter dated May 30, 1996, from the Florida Agency for Health Care Administration to Broward
   General Medical Center;
4. Letter dated May 30, 1996, from the Florida Agency for Health Care Administration to Mr.
   William Coyle;
5. Medical record information from North Broward Hospital District for Mr. William Coyle;
6. HCFA-1513, Certification and Transmittal, dated September 27, 1995;
7. HCFA-1514, Hospital Request for Certification;
8. HCFA-2567, Statement of Deficiencies, dated September 11, 1995;
9. Letter dated January 6, 1996, from the Health Care Financing Administration to Mr. William
   Coyle; and
10. Letter dated January 6, 1997, from the Health Care Financing Administration to Broward General
    Medical Center.

Documents that cannot be released from this office are being sent to the address below for review and
disclosure determination. That office will contact you directly.

Phillip Brown, Director
Freedom of Information and Privacy
N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244
(410)786-5353

If you have questions, please contact Brenda Nimmons at (404)562-7405.

Sincerely,

*Rose Crum-Johnson*

Rose Crum-Johnson
Regional Administrator

Enclosures

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**

**Health Care Financing Administration**
Office of Information Services

Division of Freedom of Information
N2-20-16
7500 Security Boulevard
Baltimore, MD 21244-1850

**A·18**

Refer to: C9FOIA0318 (JYW)

DEC 28 1999

Mr. William Coyle
711 S.E. 2nd Avenue
Ft. Lauderdale, Florida   33316

Dear Mr. Coyle:

I am responding to your February 20, 1999 Freedom of Information Act (FOIA) request
addressed to Mr. Gene Gasser, Administrator, H.C.F.A. D.M.S.O., Atlanta, Georgia (sic)
for documents pertaining to the September 11, 1995 complaint survey of Broward General
Medical Center, Ft. Lauderdale, Florida.

I have been informed by the Health Care Financing Administration's (HCFA) Atlanta
Regional Office that by a letter dated March 22, 1999 you were provided with:

1.    Letter dated August 31, 1995 from HCFA to you ( 2 documents);
2.    Letter dated October 30, 1995 from you to Lynn Agliato;
3.    Letter dated May 30, 1996 from the Florida Agency for Health Care Administration
      (FAHCA) to Broward General Medical Center;
4.    Letter dated May 30, 1996 from FAHCA to you;
5.    Medical record information from North Broward Hospital District for you;
6.    HCFA-1513, Certification and Transmittal dated September 7, 1995;
7.    HCFA-1514, Hospital Request for Certification;
8.    HCFA-2567, State of Deficiencies, dated September 11, 1995;
9.    Letter dated January 6, 1996, from HCFA to you;
10.   Letter dated January 6, 1997 from HCFA to Broward General Medical Center.

Your request and the remaining responsive document, complaint narrative - 10 pages, were
forwarded to me because of my responsibilities for administering the FOIA for HCFA.

2

The records received in this office for review, that fall within the scope of your request, i.e., 10 pages, are hereby released and none are withheld.

A-18 ii

Sincerely,

*Melodye L. Hardy*

Melodye L. Hardy
Acting Director
Division of Freedom of Information

Enclosure

# COBRA CHECKLIST

**HOSPITAL NAME:** Broward General Medical Center

**RECEIPT DATE:** 9-26-95          **DATE TO ANALYST** 9-26-95

**DATE TO HCFA:** _____          **A-19**

☑ HCFA 1539 - Certification & Transmittal

☑ HCFA 562 - Medicare/Medicaid Complaint Form

☑ HCFA 1514 - Hospital Request for Certification in the Medicare/Medicaid Program

☑ HCFA 2567 - Statement of Deficiencies

☑ HCFA 670 - Survey Team Composition and Workload Report

☑ Narrative

☑ All Medical Records on Patient

☑ HCFA 1541B

## ACTION TO BE TAKEN

☑ KIT COMPLETE - MAKE COPIES FOR FILES (STATE & FEDERAL) - FORWARD ORIGINALS TO HCFA

☐ KIT INCOMPLETE - INFORMATION REQUESTED FROM _____ IN AO _____ ON _____.

☐ INFORMATION RECEIVED FROM AO ON _____ FORWARD ORIGINALS TO HCFA

_Lynn Agliato_          9-27-95
LYNN AGLIATO          DATE



# State of Florida
# AGENCY FOR HEALTH CARE
# ADMINISTRATION

## VERBAL COMPLAINTS - INTAKE/REFERRAL

850

TO: _Betty Roberts_    DATE: 6/26/95    A-20

FROM: _Area 10_    TIME: 12:00 pm

SUBJECT/FACILITY: _Broward General Emergency Rm._
_Ft. Laud. Fl_

Does Complainant wish to remain anonymous?  Yes_____: If so, DO NOT list name or address

IF no:  NAME: _William H. Coyle_    PHONE 527-5835

ADDRESS: _711 SE 2nd Ave   Ft. Laud_   33316

PLEASE list all allegations clearly and be as specific as possible. (dates, persons involved, etc)

10/1/94 Had reaction (states "somewhat comatose") from Haldol Xanax & Amy Triptiline) and went to Broward General ER. Also states he has Herniates T 7 x T4 disis. ER Dr. Paco him, refused to give the meds, and then ER nurse liasion refused to admit him because he wanted to be treated for both (medication reaction & back, he states he refused to leave the ER until he was treated/admit or medication). Police officer was called and was nice to him in the ER but when he was walking him out he, "the policeman" "jabbed him in the back", in his injured Thoracic area. Filed complaint c̄ police. Comp. was in Salvation Army Rehab at the time for alcoholic program. He will send statement c̄ complete description of the C.K

(  ) If allegations indicate Abuse/Neglect, refer complainant to Abuse Registry: 1-800-962-2873

(  ) If complainant unable, unwilling, or hesitant, staff taking complaint will call Registry.

Time referred:_____   Name of Registry Person:_____

AHCA Form 1000-2002  June 1994