IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
case No.00 6014 CIV SEITZ/GARBER

WILLIAM H.COYLE

    Plaintiff
V
SECRETARY , DONNA SHALALA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES. UNITED STATES

    Defendant
_____/

MOTION FOR ENLARGEMENT OF TIME, to
FILE RESPONSIVE PLEADING ON DEFENDANTS
MOTION TO DISMISS



Comes Now, Plaintiff William H.Coyle, and pursuant to Rule 6(b), Federal Rules of Civil Procedure, respectfully moves this Honorable Court for an Order enlarging time within which the Plaintiff may file response to Defendants Motion to Dismiss.

2. Plaintiff filed his complaint on Janurary 5,2000.

b. Forma Pauperis Petition to court was finalized and granted March 16,200

c. Defendant was served complaint officially by subpoena via U.S. mail, May 2,2000.

d. On July 5,2000 Defendant filed Motion for Enlargement of Time.

e. On July 7,2000 This Honorable Court granted Defendants Motion for Enlargement.

f. Defendant files Answer to Complaint, July 13,2000..

g. Plaintiff files for Enlargement of time to answer affirmative defenses. July 27,2000

 h. Courts grants Plaintiff motion for Enlargement, July 31,2000

 i. Defendants files Motion to Dismiss, July 31,2000

 j. Plaintiff files response to Defendants Affirmative Defenses. Aug.9,2000.

3. The Defendant prior to July 5,00 stipulated need to collect records. Attached to Defendants Motion to Dismiss are two items. A date of certification of these items, July 24,00, indicates Defendant had these papers near or soon after noticed date.

4. Local rules 16.1B and Fed.R.Civ.P. 26 provides on the free exchange of items, information, papers or a listing of documents held.

5. To the date of this paper, nothing held by the defense has been acknowledge or shared. In fact on Aug.15,00. defendant attorney acknowledge that of other papers being held but that it was privileged material. No paper has been filed of such material by the Defendant. It was conveyed by the Attorney that no other records would be given until after the Court ruled on Dismiss Motion.

6. This position taken by the Defense Attorney is clearly unfair, contrary to good faith measures and against the rules.

7. The fact the Plaintiff has shown the Defendant by the given records to defense of the contradictory information in records and questionable reports made from records, the Defendant would had benefited sharing items and information with Plaintiff and thus narrowing issues for litigation. Furthermore items given by Defendant in dismiss motion may had been clarified to extent other than Plaintiff submitting documents which seems to

discredit the two papers submitted by defense. Instead the records has been submitted with dismiss motion upon the suppositional allegations of what and where the Plaintiffs complaint lies.

8. By the Defendant withholding papers, controverting all allegation in complaint and then supplanting defense having nothing by most fact to do with Plaintiffs cause, the Plaintiff must now submit supporting documentation, papers, federal code ect., ( In all matters), so the Court will have a true understanding of case. The Plaintiff finds that withholding of papers by Defendant and filing a defense not related to complaint, the Defendant has cause and is causing undue burden on case.

9. The Plaintiff having took this course ;of action, the Plaintiff must supply all relevant materials to establish the relevant information of this case before this Court.

Since this cause of action is against a agency of which agency normally of itself protects against such conduct as discrimination and insures such rights as public accommodation and federal protected activities, Plaintiff asserts in his opinion that the Defendant would not be prejudice of the allowance by order to grant this motion for an enlargement of time to file responsive pleading.

Therefore so this Honor Court may have the thorough understanding and informational needs, legislative and congressional intent of the COBRA law, to include such rights as Plaintiff may have to call discovery on records or that of testimony of any agents or

contractors of services arising from an investigation by Defendant, as given in C.F.R., such being a right conveyed by law on the Plaintiff, which would include the truth to be conveyed in all reports and records, the Plaintiff must provided extensive material so that the court may bring a complete adjudication upon the matter.

Wherefore, the Plaintiff, for the reasons given above and in good faith, pursuant to Rule 6(b), respectfully moves this Honorable Court for an Order enlarging the time by 25 days with which the Plaintiff may file response to Defendants motion to dismiss.

RESPECTFULLY SUBMITTED,

*William H. Coyle*

WILLIAM H. COYLE
711 s.e. 2nd ave.
FORT LAUDERDALE, FLORIDA 33316

A copy of the above motion has been sent this day of 24 Aug, 2000 via the U.S. Mail service to CHARLES WHITE, US Attorney, 99ne 4th st. Miami, Florida. 33132

*William H. Coyle*