IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.00-6014-CIV SEITZ/Garber

WILLIAM H.COYLE,

       Plaintiff,

V

SECRETARY, DONNA SHALALA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,AND THE UNITED STATES,

       Defendant,

_____/

## PLAINTIFFS MOTION TO DISMISS

By Order of the Honorable Judge Barry L.Garber, United States District Court Magistrate Judge for the Southern District of Florida, said order, dated November 16,2000, has requested Plaintiff to file memorandum to show cause for the above style case.

Plaintiff moves that this case shall so be dismissed.

Wherefore, for the reasons here and below *, Plaintiff motions the court for dismissal of case upon *Plaintiffs motion, without prejudice..*

                         Respectfully submitted,

                         William H.Coyle.

\* Of the papers filed by the Plaintiff, dated Aug 9,2000, plaintiff has incited the means remedy, and responsibility by defendant, by which defendant should should have taken charge to resolve the complaint against them without further litigation.
The Plaintiff, having to address a continual medical situation, was unable to continue his want to answer more completely, with specificity, the Defendants Motion to Dismiss.

*Although the Plaintiff was obligated to file response, having the court granted an extention to file reply to the defendants motion to dismiss, and although unforeseen circumstances forced the plaintiff to give his priority to his health concerns, the plaintiff is of the opinion that the above cause should be dismiss upon the above motion,*
*The Plaintiff is indeed due to the court his gratitude insofar for the courts patience and the process of handling plaintiffs case against a federal government administration. However, for the cause, and upon the above motion to dismiss the above case upon the plaintiffs motion, is for the cause of the defendants motion to dismiss is clearly frivolous and base upon irrelevant case law. The above noticed Aug. 9th paper filed by plaintiff, /attached, clearly makes Defendants Motion to Dismiss moot and therefore frivolous. The above noticed paper, having already been filed in case, does give the indication that defendants motion to dismiss being fault; although this does in no way dismiss the responsibility of the plaintiff even though he has suffer from some sort of hardship.*
*The Plaintiff further adds that he had twice spoken to defendants attorney about his want to view records possessed by defendant. Upon personally speaking with defendants attorney that a viewing of the record would suffice, the attorney made no effort to meet the request of the plaintiff. It is clear the defendant has in whole acted in a way of being a disservice to their positions of agency and government, but also has shown their disregard of the laws of our nation and the clear congressional intent under the E.M.T.L.A. statue and the nations civil rights legislation which so legislation and statues require the thorough investigation of such complaints as the one requested by plaintiff. The Defendant has themselves notice the court in dismiss motion that the Office of Civil Rights was not notified, a requirement by law for investigation, -yet notices the court that the investigation was carried out fully. Statue requirement are not duties relegated to discretion by defendant. Furthermore, the Plaintiff was and had to have claim some sort of rights under the nations civil rights protection, contrary to what the defendant has claimed. The A.P.A. standards are within the jurisdiction of the federal courts where a claim of due process has been made and where claim has or may show such denial of due process has cause harm or has or will inviolate civil rights of complainant. Not only is the defendants motion to dismiss frivolous, but also erroneous.*
*Since the plaintiff has move in this court to have case dismiss and having noticed that record does reflect that defendants motion to dismiss is irrelevant, if not completely being frivolous, that upon all of the above shall be cause to* **dismiss the complaint on the Plaintiffs above motion, without prejudice.**
*The Plaintiff would also notice the Defendant that any continuation by Defendant of any act, response or denial of request that Plaintiff finds being the same as past actions as found in the record which the defendant is quite knowledgeable of, may result in pursuit of other action by the Plaintiff. Furthermore the Defendants responsibility under the E.M.T.L.A. statue law has not been dismiss by the above motion or that within any pending or future litigation against any other defendant. The Plaintiff also adds as a deterrent, the plaintiff will make a specific and accountable record of the above- of all actions taken- and shall make all of the above available for public viewing via electronic means.*

Copies supplied to:
U.S. District Patricia A. Seitz
Magistrate Barry L. Garber

I, William H. Coyle, attest that a true and correct copy of the above has been sent, via US. Mail service, to Charles White, U.S. Attorney, at 99 NE 4th St. Suite 322, Miami, Florida. 33131, this 24 day of November 2000.

_____
Attachments:

William H. Coyle
711 s.e. 2nd ave.
Fort Lauderdale, FL. 33316

954-766-7947
954-523-8553

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6014-CIV SEITZ/Garber

WILLIAM H. COYLE

       Plaintiff,
V.

SECRETARY, DONNA SHALALA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, U.S.
       Defendant.
_____/

**PLAINTIFFS RESPONSE TO AFFIRMATIVE DEFENSES
BY DEFENDANTS ANSWER TO COMPLAINT (SUIT).**

The Defendant has asserted in answer to complaint that:

1. The District Court is precluded from adjudicating suit for cause of lack of subject matter and thereby jurisdiction of the court cannot be invoked.

2. The Statues of Limitations has run ;on the filing of any suit against Defendant.

Plaintiff asserts that Defendant has failed to grasp exactly to what,where and whom the action is filed against, and when a commencement of time limitations began to toll.

## JURISDICTION

Complaint as filed by Plaintiff has alleged that upon the filing of a (complaint) for an (investigation) to be taken be the Health Care Finance Administration, H.C.F.A.,agency thereunder the Defendant; that agency, agents or persons thereunder the Defendant, failed to carry out the responsibilities of investigation as found per se the agencies own policy and rules; by which policy and rules as implemented from the Code of Federal

Regulation, United States Statue law as codified from the Legislative law, intent and history of the Medicare/Medicaid Act. Wherefore as given in complaint, that the jurisdiction for the cause invoked under Title 5 Ch.701 under the Administrative Procedure Act. Jurisdiction found also under Due Process clause under the 5th Amendment of the Constitution as suit against the Federal Government andby U.S.C. Title 42 2000 statues of which a provision of under 42 2000d-2 provides Judicial review by administrative procedure provisions.

Complaint incites 551 APA which is bound and frame to 701 APA to check upon administrative created safegaurds against arbitrary acts and determination of agencies. See U.S. V Morton Salt,1950 70 S.Ct.357, 388 U.S.632 ,94 L.Ed.40

Plaintiff alleges that requests for investigation is mandate under the Medicare Act, and thus agency bound by its own rules or regulations. See. U.S. V Krieger. 773 F Supp 580.

Since any investigation as requested is given as mandate by law it would not be a discretionary issue by Defendant to carry out investigation within the margins of the law, in a truthful manner and to reflect concisively such attributions in reports filed with the agency or by the agency. Anything to the contrary would be in violation of due process of law and substantive due process of investigations proceedings where complainants involvement and expectations have not been meg3t. In this case it is alleged that the acts of Defendant carry out willfully and knowingly.

Plaintiff has also cited Title 5 Ch.554. Although the Plaintiff has not been specific in this point, Defendant has acknowledge in

2.

answer that agency does act in capacity of adjudicating such regards to investigation of complaints, although Defendant attributes the complaint in case as want of the Plaintiff to have the court determine Medicare Compliance Participation ,alleging the Plaintiff to take such course. Nothing in suit suggest so. Title 5 Ch. 554 (a)(5)- cases in which an agency is acting as a agent for a court.

Plaintiff would like to add that although the Defendant is best suited to handle complaints in regards to beneficiary, (or any persons in regards to complaints under USC 42 1395dd), participations in a federal protected activity, the circumstances surrounding Plaintiffs cause, and every aspect being found under the color of law, therefore must be cause to invoke the jurisdiction and federal question to this case.

Plaintiffs complaint has alleged that acts of Defendant sequential from the investigation taken by Defendant, has cause a willful prejudice against Plaintiff, that investigation was arbitrary, capricious and reports submitted untruthfully.

This would invoke Title 5 Ch.552a(g)(1)(c)., civil remedies; and therefore incorporates rules under APA.

Defendant has admitted that agency did not notified the Office of Civil Rights. Of course this contradicts in various statements that Defendant carry out the full intent of investigation provisions and therefore policy of COBRA investigations was met.

Plaintiff will admit that complaint has not been specific in regards to 42 2000 statues filed against Defendant. What discrimination Plaintiff has suffered is not found in complaint.

Clearly an amendment is needed as the civil rules *may* provide. Although the Plaintiff can goforth and allege to what discrimination Defendant failed to investigate or as a matter in furtherence of discrimination Defendant willfully omitted this aspect from investigation, a discovery is needed to compel the particulars in this matter.

The Plaintiff has also cited USC Title 42 1983 in his complaint. The use of such civil rights statue is a complicated matter involving the statue filed against the Defendant; as then the Federal Government. In this case the Plaintiff has not requested any compensation, therefore this case may bare relative to that of similar proceeding. See Hampton V Hanrahan 1981 572 F.Supp 140 There are other aspects in this regard therefore Federal Question.

## Statues of Limitations

The Defendant has suggested that the tolling of any suit which may be brought against the (Hospital) under 42 1395dd, by whom the investigation was sought by Plaintiff, shall control tolling of this case instant against Defendant.

This of course is fault.

The controlling issue here is *when the Plaintiff became aware of the adverse acts of the Defendant, how such acts cause injury or prejudice against Plaintiff and when Plaintiff sought a course of action.*

Of course there *is* tolling for acts under the APA; to include when the Plaintiff became aware of the adverse acts.

However there is also the theory by which that of fraud or concealment of facts under florida law may defeat tolling.

In regards to any affirmative defenses asserted in Defendants answer, Plaintiff finds fault in any by which Plaintiffs opinion that ;no consideration of this Honorable Court is needed. Plaintiff has become aware that Defendant has filed Motion to Dismiss, filed July 31 2000. Plaintiff moves that any and all possible assertions for case dismissal not consider till Plaintiff has filed his reply to Defendants Motion to Dismiss.

*RESPECTFULLY SUBMITTED,*
WILLIAM H.COYLE
711 se.2nd ave
Fort Lauderdale,Fl 33316

Sign this day of __9__ August 2000

I HEREBY CERTIFY that a true and correct copy of the above foregoing paper was furnish by U.S.Mail on August_9_2000 to Charles White, Assistant United States Attorney.
99NE 4th st, suite 322 Miami, Florida. 33131